UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN L. PARKER,<br><br>        Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Civil No. 09CV1394 JAH (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

### INTRODUCTION

Plaintiff Susan Parker ("Plaintiff") filed a complaint against the United States of America ("Defendant") alleging three causes of action: 1) wrongful disclosure of tax return information; 2) failure to release lien; and 3) quiet title against defendant. Defendant moves to dismiss the first two causes of action under F.R.C.P. 12(b)(6) and F.R.C.P 12(b)(1), respectively. For the reasons stated below, defendant's motion to dismiss is GRANTED in part and DENIED in part.

### BACKGROUND

As part of a Marital Settlement Agreement between plaintiff and her ex-husband George Parker, plaintiff obtained a parcel of property located at 17597 Cumana Terrace,

San Diego, CA ("Property"). In 1993, prior to the divorce, George Parker filed a petition for bankruptcy. Defendant currently has a civil suit pending against George Parker to reduce various tax assessments against him to a judgment ("Parker Suit"). As part of that proceeding, defendant sent a letter to Mr. Parker, dated April 9, 2008, requesting all documents in his possession that pertain to various bank accounts held by Plaintiff. In that letter, Defendant listed the name of the financial institution holding each account and the respective account numbers. The letter also requested "[a] list of all investments forming the basis of Susan Parker's claim of [a specified amount set forth in the letter] in tax exempt interest in tax year 2006. Doc. 1¶9. Plaintiff contends the information contained in Defendant's letter constitutes "tax return information" within the meaning of 26 U.S.C. §6103(b)(3).

On May 1, 2009, Defendant recorded a Notice of Federal Tax Lien on the Property. The lien is in Plaintiff's name as the "nominee, transferee or alter ego" of George Parker. Plaintiff contends Defendant recorded this lien to force George Parker to settle the Parker Suit on terms favorable to the Defendant.

In its motion to dismiss, Defendant claims the first cause of action fails to state a claim and should be dismissed pursuant to F.R.C.P 12(b)(6). Defendant further claims the Court lacks subject matter jurisdiction to hear the second cause of action because the Defendant has not waived its sovereign immunity. Plaintiff filed an opposition [ Doc. 10.] and Defendant filed a reply [Doc. 13].

## DISCUSSION

**1.    Legal Standard**

A.   Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek

to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When considering a 12(b)(1) motion to dismiss, the district court "is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiffs, as the party seeking to invoke jurisdiction, have the burden of establishing that jurisdiction exists. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994).

B. **Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); See Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." ). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.

2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009).

**2.  Analysis**

    **A.  <u>Failure to Release Lien</u>**

As a sovereign, the United States is not subject to suit without its consent. Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1004 (9th Cir. 1999). "[T]he limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Id. (citing Soriano v. United States, 352 U.S. 270, 276)(1957).

Plaintiff claims that 26 U.S.C. §7432 authorizes taxpayer suits against the Government for failure to release a lien. Under 26 U.S.C. §7432, "If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." Defendant argues this provision only authorizes suit for direct taxpayers, the taxpayer who owes the tax at issue. Because plaintiff disclaims liability for the tax at issue, defendant claims plaintiff is a third party not authorized to bring suit.

Plaintiff argues that most of the authority which states only direct taxpayers have the ability to bring this type of suit in fact deals with a related statutory provision, 26 U.S.C. §7433, instead of §7432. 26 U.S.C. §7433 states:

"If, in connection with any collection of Federal tax with respect to a taxpayer, any

officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. **Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.**" (emphasis added)

Plaintiff is correct that most of the authority in the Ninth Circuit regarding taxpayer standing concerns §7433 rather than §7432. However, there are few cases in the Ninth Circuit which have dealt with the issue of who is authorized to sue under 26 U.S.C. §7432. Included in those cases is a one page unreported Ninth Circuit opinion stating the district court lacked jurisdiction to hear a claim brought by a third party who was not the "direct taxpayer" under 26 U.S.C. §7432. See Stickney v. Internal Revenue Service, 263 Fed. Appx. 616-17 (9th Cir. 2008). There are also two district court opinions that relied on Ninth Circuit interpretations of 26 U.S.C. §7433 to find the Court also lacked jurisdiction to hear third party claims under 26 U.S.C. §7432. See Acacia Corporation Management, LLC v. United States, 2008 WL 191029 (E.D. Cal. 2008); Soghomonian v. United States, 82 F. Supp. 2d 1134 (E.D. Cal 1999).

    Notwithstanding the above, plaintiff contends the proper interpretation of "taxpayer" is different in §7432 than §7433. Plaintiff argues that using the same interpretation of "taxpayer" in both statutes renders §7432 superfluous. Under §7433, a direct taxpayer could bring an action for failure to release a lien. Plaintiff claims in her opposition that "[u]nless 26 U.S.C. §7432(a) grants a waiver to a broader class of taxpayers, 26 U.S.C. §7432(a) is entirely duplicative with the waiver granted in 26 U.S.C. §7433." Doc. 10 at 12. Plaintiff argues that 26 U.S.C. §7432(a) is meaningless, unless the word "taxpayer" is given the interpretation offered by the Supreme Court in its construction of 26 U.S.C. §7701(a)(14). That interpretation defines "taxpayer" as "any person subject to any internal revenue tax." See U.S. v. Williams, 514 U.S. 527, 535

(1995). The only case cited by plaintiff which allows third parties to bring suit under 26 U.S.C. §7432(a) is from the Southern District of Florida. See Southland Forming, Inc. v. United States, 1997 WL 842410 (S.D. Fl. Dec. 10, 1997).

Based on this Court's review of the relevant caselaw, every court in the Ninth Circuit that has confronted this issue has construed the word "taxpayer" within the context of 26 U.S.C. §7432(a) to only include direct taxpayers, i.e. the individual subject to tax liability. See, e.g., Stickney v. Internal Revenue Service, 263 Fed. Appx. 616-17 (9th Cir. 2008); Acacia Corporation Management, LLC v. United States, 2008 WL 191029 (E.D. Cal. 2008); Soghomonian v. United States, 82 F. Supp. 2d 1134 (E.D. Cal 1999). Additionally, courts in other circuits that have considered this issue overwhelmingly follow the Ninth Circuit's approach. See, eg., Haas v. Schalow, 1998 WL 904727, at *3 (7th Cir. Dec. 23, 1998)("defendants concede on appeal that [third party] has no standing to bring a claim under either [26 U.S.C. §7432or §7433] because he was not the taxpayer liable for the tax which the defendants were seeking to collect."]; Ibraham v. United States, 123 F. Supp .2d 408, 409-10 (S.D. Ohio 2000)(finding that subsequent owner of real property had no standing to sue under 26 U.S.C. §7432 where the lien was assessed to secure payment for tax liability incurred by the previous owner); Lee v. United States, 1993 WL 393054 (N.D. Ga July 20, 1993)(wife had no standing to sue under 26 U.S.C. §7432 where lien filed in attempt to satisfy husband's tax liability); Progressive Bank & Trust v. Moore, 91-1 U.S.T.C. 50, 192 (E.D. La. 1991)(same). Cf Southland Forming, Inc. v. United States, 1997 WL 842410 (Dec. 10, 1997)(extending Supreme Court's construction of "taxpayer" under 26 U.S.C. §7701(a)(14) as "any person subject to any internal revenue tax" to 26 U.S.C. §7432 and finding wife's corporation had standing to sue under §7432 where lien filed to satisfy husband's tax liability). This Court agrees with the other courts in this circuit, and elsewhere, that only direct taxpayers have standing to sue under §7432.

In this case it is undisputed that the IRS filed a lien against plaintiff's property solely to satisfy her ex-husband's tax liability. Accordingly, plaintiff is not the individual

1  subject to tax liability and therefore does not have standing to sue under 26 U.S.C. §7432.
2  As such, this Court lacks subject matter jurisdiction to hear the failure to release lien claim.
3  Because plaintiff cannot plead additional facts that will confer standing upon her for this
4  claim, plaintiff's claim for failure to release lien is DISMISSED WITH PREJUDICE.

### B.     Wrongful Disclosure of Tax Information

Plaintiff claims Defendant's disclosure of certain information from her tax returns to her ex-husband violates 26 U.S.C. §7431. Defendant claims the disclosure was authorized under an exception to §7431 that is stated in 26 U.S.C. §6103(h)(4)(B).

Under 26 U.S.C. §7431(a)(1), "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. 26 U.S.C. §7431(b) states: "No liability shall arise under this section with respect to any inspection or disclosure - - (1) which results from a good faith, but erroneous, interpretation of section 6103, or (2) which is requested by the taxpayer." Thus, the elements of a claim under 26 U.S.C. §7431(a)(1) are: 1) the disclosure was unauthorized; 2) the disclosure was made knowingly or by reason of negligence; and 3) the disclosure or inspection was in violation of §6103.   See 26 U.S.C §7431(a)(1); Wewee v. United States, 2003 WL 1874756, at *2 (D. Ariz.  Mar. 10, 2003).

26 U.S.C. §6103(h)(4) states: " A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only - - . . . (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding."

According to defendant, plaintiff's tax return information was disclosed as part of the Parker suit, which is a suit involving tax administration.  Additionally, the tax return

information directly related to resolving an issue in that proceeding, namely "whether or not he is the beneficial owner of property nominally held by plaintiff." Doc. 8-1 at 8-9. Defendant contends the answer to that inquiry "directly relates to the settlement terms that may be appropriate in the lawsuit against Parker." Id. at 9.

Defendant further contends that even if 26 U.S.C. §6103(h)(4)(B) does not apply here, the "regulations issued pursuant to §6103(h) provide for a Department of Justice attorney to make appropriate disclosures in order to negotiate properly and effectively toward settlement in a case." Id.[1]

In her opposition, plaintiff claims that "[w]hether the dislosure of any of her investment accounts is an 'item' that relates to any issue in the Parker Action is unknown at this time, since plaintiff does not know from *which* return or returns that information was garnered. . .This is exactly the kind of information that has to be developed through an exchange of evidence, not through a motion to dismiss." Doc. 10 at 8.

Defendant replies that under the facts alleged in the complaint "it is quite plausible that the alleged disclosure of an item from her return to her ex-husband was entirely proper, and plaintiff has alleged no contrary facts." Doc. 13 at 9. Defendant further states that plaintiff's allegation that defendant's disclosures violated §6103 are conclusory because she does not specify why. Id. Finally defendant states plaintiff fails to distinguish this case from those cited in its moving papers, Davidson v. Brady and Ryan v. United States, where district courts, outside the Ninth Circuit, dismissed similar claims.

In Davidson v. Brady, a non-party's tax return was attached to a sentencing memorandum for a defendant in a criminal tax prosecution. 558 F. Supp. 456 (W.D. Mich. 1983). Prior to sentencing, the defendant filed a Statement of Financial Condition ("SFC") which included, *inter alia*, a statement that he owed 500,000 to a corporation owned by Davidson. The prosecutor attached Davidson's tax return to the sentencing

---

[1] "Returns and return information (including taxpayer return information) . . . may be disclosed by such officers and employees to other persons . . . but only to the extent necessary in connection with a Federal grand jury proceeding, or the proper preparation for a proceeding . . . Such disclosures may include, but are not limited to, disclosures . . . [t]o properly conduct negotiations concerning, or obtain authorization for, settlement or disposition of the proceeding, in whole or in part, or stipulations of fact in connection with the proceeding. 26 C.F.R §301.6103(h)(2)-1

1 memorandum to demonstrate the defendant's SFC contained fraudulent information.
2 That tax return stated the defendant did not owe Davidson, but rather, Davidson owed
3 the defendant $1,162,800. Davidson subsequently sued for wrongful disclosure of his tax
4 information.

5       26 U.S.C. §6013)(h)(4)( c) authorizes disclosure of information "if such return or
6 return information directly relates to a transactional relationship between a person who
7 is a party to the proceeding and the taxpayer which directly affects the resolution of an
8 issue in the proceeding." Based on that statutory provision the Court found Davidson and
9 the criminal defendant had a transactional relationship, as one party had a financial
10 obligation to the other, and that relationship directly affected the resolution of whether
11 the defendant's SFC was false and consequently what sentence the defendant should
12 receive. The Court therefore dismissed Davidson's claim.

13       <u>Ryan v. United States</u> also involved the disclosure of a non-party's tax return
14 information in a criminal prosecution. 1998 WL 919881 (D. Md. 1998). During a
15 prosecution for tax evasion and making false statements in a loan application, the
16 government argued the defendants were being paid by a charity casino under the table.
17 Ultimately Ryan was called as a defense witness. During cross-examination the
18 government used Ryan's tax return as impeachment to show he was also getting paid
19 under the table. Ryan thereafter filed suit against the United States for wrongful
20 disclosure of tax information. On summary judgment, the Court found the government's
21 disclosure was authorized under 26 U.S.C. §6013(h)(4)( C).

22       In the first instance, the Court notes that the instant motion is a motion to dismiss
23 rather than summary judgment. Thus, the Court is required to accept plaintiff's
24 allegations as true and construe all inferences based on those allegations in plaintiff's favor.
25 Here, plaintiff claims she did not consent to the disclosure of her tax information and the
26 disclosure of her tax return information was not authorized under any exception listed in
27 26 U.S.C. §6013. Doc. 1 ¶13. Plaintiff also alleges the government disclosed her
28

1 information willfully in order to obtain a more favorable settlement from her ex-husband. These allegations are sufficient to survive a motion to dismiss under Rule 12(b)(6). The mere fact that under the alleged facts the disclosure **may** be authorized is not fatal to plaintiff's claim at this stage in the litigation. Therefore, defendant's motion to dismiss plaintiff's claim for wrongful disclosure is DENIED.

## **CONCLUSION** AND ORDER

IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiff's failure to release lien claim is GRANTED.
2. Plaintiff's failure to release lien claim is DISMISSED WITH PREJUDICE.
3. Defendant's motion to dismiss plaintiff's wrongful disclosure claim is DENIED.
4. Defendant shall file an answer within twenty days of this order.

IT IS SO ORDERED.

Dated: September 29, 2010

_____
John A. Houston
United States District Court